*E-Filed 1/23/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICK A. MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TIM VIRGA, et al.,<br><br>　　　　Defendants. | No. C 11-4998 RS (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff claims that defendants, staff and supervisors at the California Department of Corrections and Rehabilitation and at Salinas Valley State Prison, failed to provide him with constitutionally adequate health care. The complaint does not contain sufficient facts to state a claim that is plausible on its face. Plaintiff offers conclusory allegations that unspecified defendants failed in their duties to provide him with adequate medical care. Plaintiff fails to name <u>specific</u> defendants and to describe their <u>specific</u> actions and how those actions resulted in a constitutional violation.

To succeed on a claim that an inmate received constitutionally inadequate medical care, the inmate must plead and prove that a prison official has acted with deliberate indifference. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to

abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.*  Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).  A difference of opinion between a prisoner patient and a medical doctor, is not enough to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004).  Plaintiff must show that the treatment was "medically unacceptable under the circumstances" and that defendants embarked on this course in "conscious disregard of an excessive risk to plaintiff's health." *Id.*  Plaintiff has not alleged facts sufficient to state a claim under these standards.

Plaintiff names many persons who occupy supervisory positions.   As a prerequisite for § 1983 liability, the defendant must have caused the alleged violation. *See Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  Unlike a private tort action, there is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.  In his amended complaint, plaintiff must do more than simply list the names of supervisory defendants on the first page of the complaint.  He must allege <u>specific</u> facts showing that these defendants knew of, participated in, or directed the actions of their employees.

Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint within 30 days from the date this order is filed.  The first amended complaint must include the caption and civil case number used in this order (11-4998 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his

first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may <u>not</u> incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: January 23, 2012

RICHARD SEEBORG
United States District Judge

No. C 11-4998 RS (PR)
ORDER OF DISMISSAL

4